# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY A. RANDALL,
       Appellant,

      v.

DEPARTMENT OF DEFENSE,
       Agency.

DOCKET NUMBER
CH-0752-13-1797-I-1

DATE: September 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeffrey G. Letts</u>, Esquire, Trenton, New Jersey, for the appellant.

<u>Neil Bloede</u>, Esquire, Indianapolis, Indiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant served as a GS-11 Staff Accountant with the agency's Defense Finance and Accounting Service (DFAS). In connection with his duties, he volunteered to be a part of the Pandemic Response Group (PRG), a group of "critical function personnel" specifically designated to work during a pandemic event. Initial Appeal File (IAF), Tab 14. Members of the PRG were required to obtain High Speed Internet Access (HSIA) in their homes to enable them to be able to perform their jobs during a pandemic emergency. Consistent with the terms of Directive 3020.28-DV, High Speed Internet (HSI) Access in Support of Critical Functions During a Pandemic Event, issued on October 3, 2009, the agency agreed to reimburse these employees for such equipment and to pay their monthly usage fees and related charges upon their submission of an Standard Form (SF) 1164, Claim for Reimbursement of Expenditures, and the substantiating bill. IAF, Tab 7 at 102-12 of 142.

¶3 On three different occasions between November 2009 and August 2011, the appellant submitted SF-1164s and substantiating bills for HSIA at his father's house, although he resided in a condominium elsewhere. The appellant's father paid the bills, the appellant submitted the paid receipts along with claims for reimbursement, the agency approved the claims, and the appellant received the

reimbursed funds totaling $1,529.56. *Id.* at 32-89 of 142. However, he neither paid the internet company directly nor reimbursed his father. When confronted, and during the ensuing criminal investigation conducted by a Special Agent of the DFAS Internal Review, the appellant explained that he still maintains a room at his parents' house and that, in the event of a pandemic, he anticipated staying there. *Id.* at 91-92 of 142. Notwithstanding, the investigation concluded that the appellant made false claims for reimbursement to DFAS under the PRG HSIA reimbursement program by submitting bills for internet service at his father's home which his father paid, that the appellant listed his father's address as his own on the reimbursement claims, and that he retained for himself the government funds paid pursuant to these claims. *Id.* at 15 of 142.

¶4　　　As a result, the agency removed the appellant based on three specifications of misuse of funds. *Id.* at 4-7 of 142, 39-41 of 142, 38 of 109. On appeal, he argued that the agency's Directive was vague, that he was truthful in designating where the HSIA was received, that he maintained his HSIA availability which was the "clear intent of the policy," that he had no personal gain any different from any other PRG participant, that he acted in good faith, that portions of the policy were unenforceable, and that removal was not warranted. IAF, Tab 12. He requested a hearing. *Id.*, Tab 1 at 2.

¶5　　　Thereafter, the administrative judge issued an initial decision affirming the removal action. *Id.*, Tab 23, Initial Decision (ID) at 1, 11. She found that the agency proved by preponderant evidence that the appellant misused agency funds, ID at 4-5, that discipline for the sustained charge promotes the efficiency of the service, ID at 5, and that removal is a reasonable penalty, ID at 5-11.

¶6　　　The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, *id.*, Tab 3.

¶7　　　On review, the appellant argues that the agency did not prove the misuse of funds charge because he was not a disbursing official and therefore was not in a position to spend or authorize agency funds for personal or inappropriate

purposes. PFR File, Tab 1 at 3. The appellant has provided no support for his position that an agency may only bring a misuse of funds charge against a disbursing official, nor are we aware of any. If, in connection with his job, an employee comes to possess government funds, he may be charged with misuse if he does not abide by agency rules and regulations regarding such funds. It is true that the appellant was authorized to be reimbursed by the agency for HSIA at his home for which he paid. However, that is not what happened here. Rather, the appellant was reimbursed for HSIA at his father's home for which his father paid. As such, the appellant has not shown that the administrative judge erred in sustaining the charge of misuse of funds.

¶8      The appellant also argues that he did not misuse agency funds because, as a member of the PRG, he was authorized to have the agency pay for the HSIA that he would use in the event of an emergency. *Id*. at 4. He asserts that, contrary to the administrative judge's finding, HSIA was not available at his condominium during the time in question. *Id.* at 3; ID at 3. Even if true, the fact remains that the appellant claimed and received reimbursement from the agency for HSIA for which he did not pay[2] (testimony of appellant, Compact Disc (CD), August 19-20, 2014). To the extent the administrative judge erred in her statement regarding the appellant's ability during this time to secure HSIA in his condominium, any such adjudicatory error did not prejudice the appellant's substantive rights and provides no basis for reversal of the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

---

[2] The administrative judge considered the appellant's argument that, while he did not repay his father, the appellant nevertheless "reimburse[d] or compensate[s] his father in some fashion," IAF, Tab 1 at 11, by occasionally paying for dinner and buying him a camera and other items (testimony of appellant, CD, August 19-20, 2014). The administrative judge found, and we agree, that, to the extent that any such arrangement existed, it did not detract from the fact that the appellant sought and received reimbursement from the government for HSIA for which he did not pay. ID at 5.

¶9      The appellant claims on review that his decision to work at his parents' home in the event of a pandemic was reasonable since, at the time in question, it was the only HSIA available to him.  PFR File, Tab 1 at 4.  Again, even if true, that decision did not form the basis for the agency's action.  Rather, it was the appellant's request for and receipt of reimbursement for HSIA for which his father paid that accounted for the agency's charge of misuse of funds.

¶10     The appellant challenges the administrative judge's finding of nexus; that is, that the agency's action promotes the efficiency of the service, ID at 5, claiming that, by volunteering to join the PRG, he "as always, wanted to help the Agency," and that, by doing so, he demonstrated his commitment to the agency and its mission.  PFR File, Tab 1 at 7.  An agency bringing an adverse action must prove that there is a nexus, i.e., a clear and direct relationship between the articulated grounds for the adverse action and either the employee's ability to accomplish his duties satisfactorily or some other legitimate government interest.  *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 10 (2010).  An agency may establish nexus by showing that the employee's conduct: (1) affected his or his coworkers' job performance; (2) affected management's trust and confidence in his job performance; or (3) interfered with or adversely affected the agency's mission.  *Id.*, ¶ 11.  Here, both the proposing and deciding officials emphasized that the appellant's actions caused them to question his integrity and lose trust in him, particularly given his Accountant position with DFAS, whose function is to administer billions of dollars of defense program expenditures annually.  IAF, Tab 7 at 5 of 142 (testimony of proposing official, CD, August 19, 2014); *id.* at 40 of 109 (testimony of deciding official, CD, August 19, 2014).  The appellant has failed to show that the administrative judge erred in finding that his misconduct affected management's trust and confidence in him, and that nexus was established.

¶11     Finally, as to the penalty, the appellant disputes the administrative judge's finding in which she agreed with the deciding official that the appellant has little

potential for rehabilitation.  PFR File, Tab 1 at 6; ID at 9.  In the appellant's view, even before issuance of the proposal notice, he was always honest and professional in his dealings with the agency, requesting that the legal department review the situation and "hopefully" find that he was in compliance with agency policy.  PFR File, Tab 1 at 6-7.

¶12      Where all of the agency's adverse action charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness.  *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010).  In reviewing an agency-imposed penalty, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised.  The Board will modify or mitigate an agency-imposed penalty only where it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness.  *Id.*

¶13      The deciding official's *Douglas* factors worksheet, submitted under penalty of perjury, establishes that he considered the relevant factors in determining the penalty.  IAF, Tab 7 at 48-49 of 109.  The appellant's disagreement with the weight given to a particular factor does not provide a basis for reversal of the initial decision.  The appellant engaged in serious misconduct that caused the agency to justifiably lose confidence in his integrity and judgment, particularly considering his position with DFAS is a position of public trust and fiduciary responsibility.  We find that the deciding official reasonably determined that that factor and other aggravating factors outweigh any mitigating factors, including the fact that the appellant had no prior discipline during his 5 years of satisfactory job performance.  *See Jinks v. Department of Veterans Affairs*, 106 M.S.P.R. 627, ¶ 17 (2007) (finding that, in assessing the appropriateness of the agency's penalty selection, the most important factor is the nature and seriousness of the

misconduct and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated).  The deciding official also considered that the removal penalty was consistent with that imposed on others for similar offenses and with the table of penalties, that the appellant had full access to and knowledge of the rules for reimbursement of funds, and that his refusal to acknowledge any wrongdoing on his part indicates that he is a poor candidate for rehabilitation.  IAF, Tab 7 at 49 of 109.  The Board's role is not to displace the judgment of senior agency managers who must have confidence that employees will act appropriately at all times.  *Batts v. Department of the Interior*, 102 M.S.P.R. 27, ¶ 11 (2006).  Under the circumstances, we agree with the administrative judge that, given the seriousness of the appellant's misconduct, the nature of his position, and his lack of rehabilitative potential, removal is within the tolerable limits of reasonableness.[3]  ID at 10-11.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] The appellant argues for the first time on review that, to the extent the agency believed that, by his actions, he owed a debt, it should have proceeded under 5 U.S.C. § 5514, Installment deduction for indebtedness to the United States, rather than removing a "bright and promising employee for what is, at worst, a professional disagreement."  PFR File, Tab 1 at 6.  Because the appellant has not shown that this argument is based on new and material evidence not previously available despite his due diligence, the Board will not consider it.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.